IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03006–KMT

WILLIAM POWERS,
MAP MANAGEMENT LLC, and
BLACK WIDOW LLC,

    Plaintiffs,

v.

EMCON ASSOCIATES, INC.,
MICHAEL COCUZZA, and
MICHAEL MICHOWSKI,

    Defendants.

## ORDER

This matter comes before the court on Defendants' "Motion to Stay Discovery." (Doc. No. 29, filed April 27, 2015.) Plaintiffs' Response was filed on May 20, 2015 (Doc. No. 33) and Defendants filed their Reply on May 29, 2015 (Doc. No. 38). For the following reasons, Defendants' Motion to Stay is GRANTED.

In this case, Plaintiffs assert claims for unpaid wages and retaliation under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.,* and Colorado Wage Claim Act (CWCA), Colo. Rev. Stat. § 8-4-101, *et seq.,* as well as state law claims for breach of contract and unjust enrichment, based on an Employment Agreement entered into between Plaintiff William Powers and former defendant FMNow LLC. (*See generally* Am. Compl., Doc. No. 24, filed Apr. 10, 2015.) On April 24, 2015, Defendants filed a Motion to Dismiss arguing that (1) the court lacks personal jurisdiction over Defendants Cocuzza and Michowski; (2) Plaintiffs have not set forth

allegations sufficient to allow the court to pierce the corporate veil of FMNow and Defendant Emcom Associates, Inc., which Defendants maintain is necessary to hold them liable on Plaintiffs' claims; and (3) the existence of the Employment Agreement precludes Plaintiffs' claim for unjust enrichment.  (*See* Doc. No. 24.)  Defendants' Motion to Stay argues that the court should stay discovery pending ruling on their Motion to Dismiss.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished).  Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

The underlying principle in determining whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).  In other words, stays of the normal proceedings of a court matter should be the

2

exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). Courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

The court acknowledges that Plaintiffs have an interest in proceeding expeditiously with their claims. However, the court finds that this interest is outweighed by the burden Defendants

Cocuzza and Michowski would face if discovery were to proceed despite the outstanding issue of whether the court even has jurisdiction over them. As already discussed, courts have recognized the propriety of a stay of discovery while jurisdiction are being resolved. *Gilbert,* 401 F.3d at 416. In particular here, "subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject [it] to undue burden of expense, particularly if the motion to dismiss is later granted." *String Cheese Incident,* 2006 WL 894955, at *2 (granting temporary stay of discovery to allow resolution of the issue of personal jurisdiction); *see also E.I. Du Pont De Nemours & Co. v. Teflon Blood Inc.,* No. 09-cv-02717-WDM-KMT, 2010 WL 1957306, at *2 (D. Colo. May 13, 2010) (unpublished) ("Plaintiff's interest in having its case proceed expeditiously is outweighed by the burden on Defendant of going forward with discovery in a potentially improper jurisdiction.").[1] Furthermore, although the court declines to discuss the merits of Defendants' Motion to Dismiss at this time, it does acknowledge that, if granted in its entirety, the Motion to Dismiss will dispose of this entire action. *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003).

The court also considers its own convenience, the interests of non-parties, and the public interest. None of these factors prompt the court to reach a different result. Neither the court nor the parties' time is well served by struggling over the substance of Plaintiffs' claims while a

---

[1] Plaintiffs argue that (1) discovery should proceed against Defendant Emcon Associates because there is no dispute that the court has jurisdiction over this entity and (2) because any such discovery would necessarily involve Defendants Cocuzza and Michowski, a stay as to these individual defendants would serve no purpose. (Resp. at 3 n.1.) As to the first aspect of Plaintiffs' argument, in this court's experience, piecemeal stays are unwieldy as they often result in complicated disputes over the proper scope of discovery during the stay. Thus, in the court's view, the question is whether or not to stay *all* discovery. In light of the fact that Defendants' Motion to Dismiss raises a jurisdictional issue as to two of the three defendants and could also dispose of this action if granted in its entirety, the court is persuaded to grant a stay.

dispositive motion implicating the court's jurisdiction is pending. *Democratic Republic of Congo,* 508 F.3d at 1064. *See also Chavous v. D.C. Fin. Responsibility &Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.")  (citation and internal quotation marks omitted).

Accordingly, having considered and balanced the appropriate factors, the court finds that a stay of discovery is appropriate in this case.  Therefore, it is

ORDERED that Defendants' "Motion to Stay Discovery" (Doc. No. 29) is GRANTED. All discovery in this action is STAYED pending ruling on Defendants' Motion to Dismiss and all deadlines and hearings established in the Scheduling Order are VACATED.  No later than ten days after ruling on Defendants' Motion to Dismiss, if any of this case remains pending, the parties shall file a Joint Status report advising whether the stay should be lifted and the Scheduling Order deadlines reset.

Dated this 29th day of June, 2015.

BY THE COURT:

_____
Kathleen M Tafoya
United States Magistrate Judge