IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03006–KMT

WILLIAM POWERS,
MAP MANAGEMENT LLC, and
BLACK WIDOW LLC,

       Plaintiffs,

v.

EMCON ASSOCIATES, INC.,
MICHAEL COCUZZA, and
MICHAEL MICHOWSKI,

       Defendants.

---

# ORDER

---

     This matter is before the court on Defendants Emcon Associates, Inc., Michael Cocuzza, and Michael Michowski's "Motion to Strike." (Doc. No. 96 ["Mot."]). Plaintiffs filed a Response (Doc. No. 104 ["Resp."]), to which Defendants replied. (Doc. No. 107 ["Reply"]). Additionally, by order of the court, *see* Doc. No. 117, Plaintiffs filed a Surreply. (Doc. No. 118 ["Surreply"].) Pursuant to Fed. R. Civ. P. 26 and 37, as well as this court's order dated December 2, 2016, Defendants seek to strike two exhibits submitted with Plaintiffs' Motion for Partial Summary Judgment.

## 1. Declaration of Plaintiff Powers (Doc. 89-7)

     A central dispute in this case is whether former Defendant FMNow LLC ("FMNow") was the alter ego of Defendant Emcon, Inc. ("Emcon"). In the Scheduling Order, Plaintiffs

indicated they anticipated using expert testimony regarding corporate governance and accounting. (Doc. No. 64 at 8.) The deadline to identify affirmative expert witnesses was October 30, 2016. (Doc. No. 63 at 2.) However, neither Plaintiffs nor Defendants identified affirmative expert witnesses by that date. (Doc. No. 75.) As a result, on December 2, 2016, this court ruled Plaintiffs would "not be allowed to present expert opinion testimony at trial on any topic through any witness since no affirmative experts were disclosed." (*Id.*)

In support of their Motion for Partial Summary Judgment, Plaintiffs submitted a Declaration from Plaintiff William Powers. (Doc. No. 89-7 ["Decl."].) In the current Motion, Defendants argue portions of Plaintiff Powers' Declaration constitute expert opinion regarding corporate governance and accounting. Based on this, they contend those portions are inadmissible because Plaintiff Powers has not been qualified as an expert under Fed. R. Evid. 702 and because the court previously prohibited expert testimony. (Resp. at 5.) Specifically, Defendants object to the following paragraphs:

> 2. Beginning in mid-2012, FMNow LLC ("FMNow") and Emcon Associates, Inc. ("Emcon") were both involved in recruiting me to come work for the companies. As part of the interview process, I met with Jon Mattie, Executive Vice President of Operations of FMNow, and Michael Cocuzza, Chief Executive Officer of Emcon, at FMNow's office in Colorado.

> 3. I started working for FMNow/Emcon on a part-time basis in September of 2012, and in October of 2012, I entered into a formal Employment Agreement executed by Patricia Moscarelli on behalf of FMNow. I started working full-time under the Employment Agreement on or about its effective date, October 15, 2012.

> 5. Throughout my employment by Emcon and FMNow, I performed services for both companies, and no effort was made to differentiate the work I performed for each company.

6.  From the beginning of the Employment Agreement, I worked directly with and for Emcon, and received direction from Emcon officials, including Mr. Cocuzza and Michael Michowski, Emcon's Chief Administrative Officer.

10.  In early 2013, Mr. Michowski traveled to Colorado to participate in negotiations for a contract with Rich's Foodservice.  I was present for those negotiations and worked on this contract on behalf of both companies starting near the beginning of my employment.  I communicated regularly with Mr. Michowski on this project for several months starting in approximately February of 2013.

13.  While I was employed by FMNow/Emcon, Mr. Cocuzza assigned Emcon software developers to work on FMNow projects.  As an example, attached to this Declaration as Attachment A is an email from Patricia Moscarelli discussing the fact that Mr. Cocuzza was freeing up three Emcon developers to work on FMNow projects.

14. Emcon officials directed FMNow employees to perform work on FMNow projects in Colorado, including sending Mr. Mattei and myself to Greeley to perform a site inspection of a pending project in May of 2013.

15.  Emcon managed the server on which FMNow's business was operated, and the two companies worked together to develop the FMNow software.  The FMNow software was never run with the Emcon server.

16.  FMNow did not operate independently of Emcon.  In every business transaction, sales meeting, appointment, and board meeting, FMNow proceeded in a direction that was consistent with Emcon's direction and capabilities in the industry.  Any business activities outside of Emcon had to be reviewed and considered as to the applicability to Emcon's existing systems.

(Decl. at 2-4.)

Plaintiffs argue the above content constitutes factual statements based upon Plaintiff Powers' personal knowledge and observations during his employment.  As such, they contend these paragraphs are admissible, pursuant to Fed. R. Evid. 602, as "typical factual testimony of which Plaintiff Powers has personal knowledge."  (Resp. at 2-5.)  Additionally, to the extent it surpasses factual testimony, Plaintiffs argue it is admissible, pursuant to Fed. R. Evid. 701, as lay opinion testimony.  (*Id.*)

Rule 602 provides that a witness may testify to a matter of which he or she has personal knowledge. Rule 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
>  (a) rationally based on the witness's perception;
>
>  (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
>  (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

"In other words, 'a person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person.'" *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 929 (10th Cir. 2004) (quoting *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 460 (5th Cir. 1996)). Significantly, Rule 701 "does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*." Fed. R. Evid. 701 advisory committee's note to 2000 amendment (emphasis in original).

All parties rely on *LifeWise, supra,* in their briefing to support their respective positions. (Resp. at 3; Reply at 3-4.) In *LifeWise*, the plaintiff was in the business of lending money to terminally ill patients. *Id.* at 919. The defendant financed its loans. *Id.* at 920. When the defendant delayed funding due to dissatisfaction with the plaintiff's business operations, the plaintiff sued, alleging breach of contract and bad faith. *Id.* at 920-21. The district court granted summary judgment in the defendant's favor on the issue of lost profits damages, rejecting the fourth damages model the plaintiff proffered and excluding the damages testimony of Mark Livingston, its Chief Executive Officer, relying on the same. *Id.* at 921-22, 929-30. On appeal, the plaintiff argued that under Rule 701 the court should have allowed Mr. Livingston's damages

testimony because his position as CEO provided him with personal knowledge to testify regarding its lost profits. *Id.* at 929.

In affirming the lower court's decision to exclude Mr. Livingston's testimony, the Tenth Circuit explained that Mr. Livingston's proffered testimony went beyond his own personal knowledge as CEO. *Id.* at 930.

> [Mr. Livingston] could have given a straightforward opinion as to lost profits using conventional methods based on LifeWise's actual operating history. Indeed, the court essentially invited LifeWise to have him so testify.
>
> Instead of limiting Mr. Livingston's testimony to his experience as a businessperson and president of the company, however, LifeWise had him "enter [ ] into the realm of rolling averages, S-curves, and compound growth rates that appear to be an amalgam of logic, hope, and economic jargon." But Mr. Livingston himself admitted that he "can't recall any prior instances" where he used such methods at LifeWise. Such subject matters fail to be rationally based on Mr. Livingston's perception, and therefore cannot be admissible as lay opinion testimony.

*Id.* (citations omitted.)

The court finds that, unlike the testimony at issue in *LifeWise*, the majority of the Declaration's content to which Defendants object does not constitute "scientific, technical or otherwise specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). Instead, Plaintiff Powers' statements are based upon his personal experience and observations in allegedly factual occurrences. In paragraphs two and three, he describes aspects of his hiring process and subsequent employment, including those with whom he interviewed, his part time and full time employment status, start dates, and the parties to his employment agreement. (Decl. at 2.) In paragraphs five, six, ten, thirteen, fourteen, and fifteen, Plaintiff Powers describes his job duties, job assignments, people with and for whom he worked during his employment, and his own observations of the companies' computer software. (*Id.* at 3-4.) These

statements are admissible under Fed. R. Evid. 602 as they reflect events of which Plaintiff Powers has personal knowledge based on his own observations and experiences during his hiring and employment. *See Cox v. Glanz*, No. 11-cv-457-JED-FHM, 2014 WL 916646, at *2 (N.D. Okla. March 10, 2014) (ruling that Jail nurses listed as witnesses could testify as they "appear to be fact witnesses whom the parties expect to testify regarding their knowledge and perceptions relating to Mr. Jernegan and/or the actual policies and practices with respect to medical and mental health treatment at the Jail."); *Ne. Okla. Elec. Co-op. v. Sw. Bell Tel. Co.,* No. 11-CV-0320-CVE-FHM, 2012 WL 289741, at *2 (N.D. Okla. Jan. 31, 2012) ("Plaintiff's lay witnesses may testify as to their own job duties and the manner in which they perform those duties. Testimony regarding a witness' personal experience or knowledge is proper.").

To the limited extent the noted paragraphs contain opinion testimony, if at all, the content would be admissible under Rule 701 as based upon Plaintiff Powers' own perceptions. Fed. R. Evid. 701(a); *see also Champagne Metals v. Ken-Mac Metals, Inc.*, No. CIV-02-0528-HE, 2009 WL 10672256, at *5 (D. Colo. Feb. 25, 2009) (explaining under Fed. R. Evid. 701, "[t]he testimony may involve reasonable inferences based on personal knowledge, business experience and documents reviewed . . . ."). Additionally, the Declaration is not inadmissible merely because the contents are relevant to a central issue in this case, *i.e.,* whether FMNow was the alter ego of Emcon. Rule 701(b) expressly contemplates opinion testimony from a layperson that is "helpful . . . to determining a fact in issue."

Paragraph sixteen, however, is not limited to factual statements but instead, states in general and conclusory terms that "FMNow did not operate independently" and every aspect of FMNow had to be consistent with the objectives of Emcon. (Decl. at 4.) Plaintiff Powers does

not specify any factual events or personal observations to support the conclusions therein.  Nor does the content of the preceding paragraphs include personal observations related to corporate activities and direction, board meetings, or sales meetings that might otherwise support inclusion of paragraph 16 under Rule 701.

Although vague, the statements in paragraph 16 implicate knowledge of corporate governance.  Thus, the court finds paragraph sixteen constitutes expert, rather than lay, testimony.  *See, cf., Burrell v. Harley Davidson Motor Co., Inc*., No. CIV 11-393 JP/RHS, 2013 WL 12089503, at *2 (D.N.M. Jan. 23, 2013) (ruling, in a case in which the plaintiff was injured during a motorcycle class, the plaintiff's classmates could testify as to their perception of the plaintiff's attitude or appearance during the course, but could not testify about the plaintiff's aptitude for driving the motorcycle because such observations required specialized knowledge).  Because Plaintiff Powers was not designated as an expert witness and in accordance with this court's previous ruling that Plaintiffs were prohibited from offering expert testimony, the court strikes paragraph sixteen from Plaintiff Powers' Declaration and shall not consider it in ruling on Plaintiffs' Motion for Partial Summary Judgment.[1]

## 2.  LinkedIn Pages & FMNow Website (Doc. No. 89-14)

Defendants have also requested the court strike Plaintiffs' Exhibit 18, consisting of the LinkedIn pages of two former FMNow and/or Emcon employees, the LinkedIn page for FMNow, and FMNow's previous company website.  (Mot. at 5-7.)  Defendants contend the

---

[1] In their Response, Plaintiffs propose submitting an amended Declaration that "would more clearly demonstrate Mr. Powers's personal knowledge of the statements in paragraphs 9, 5, and 16" and attached an amended Declaration as an exhibit.  (Resp. at 6; Doc. No. 104-1.)  The court notes the proposed amendments to paragraph sixteen do not remedy the basis for exclusion. Moreover, as Defendants note in their Reply, the parties had fully briefed the Motion for Partial Summary Judgment before Plaintiffs offered the Amended Declaration.

exhibit should be stricken because Plaintiffs failed to include the documents in their Rule 26 disclosures, either initially or in subsequent supplementation. (Resp. at 5-7; Reply at 5-6.) Defendants further argue the court should strike the exhibit because it is inadmissible hearsay and Plaintiffs did not offer proper authentication. (Reply at 8-9.)[2]

Rule 26(a)(1) requires a party, without awaiting a discovery request, to provide to the opposing party a copy of all documents in its possession or custody it may use to support its claims or defenses, unless the documents would be used solely for impeachment purposes. Plaintiffs contend they were not required to disclose the LinkedIn profiles because they intended to use them for impeachment purposes only. (Resp. at 6-9.) However, in their Motion for Partial Summary Judgment, Plaintiffs cited to the LinkedIn profiles to support their affirmative statement that Messrs. Kuebler and McDermott "continued holding themselves out as FMNow employees even after they were placed on Emcon's payroll." (Doc. No. 89 at 6.) Thus, Plaintiffs did not utilize the LinkedIn profiles for impeachment purposes but instead to establish their own "uncontroverted fact" in support of their claim. (*Id.*)

Because Plaintiffs did not use the profiles solely for impeachment purposes, the court must consider whether to exclude those, as well as the image of the FMNow website, based on Plaintiffs' failure to disclose them to Defendants. Fed. R. Civ. P. 37(c)(1) provides that if a party fails to provide information required by Rule 26, the party is not allowed to use that evidence in a motion, hearing, or at trial, unless the failure was substantially justified or is harmless. Plaintiffs argue their failure to disclose these documents was harmless because the websites have been and continue to be available to the public *via* the internet. (Resp. at 9-11.) Additionally,

_____

[2] Because the latter argument was not presented in Defendants' initial Motion, Plaintiffs were permitted to file a Surreply addressing the same. (Doc. Nos. 117, 118.)

Plaintiffs state they produced the documents to Defendants on the same date they secured the images from the internet, thus justifying the delay. (*Id.* at 9.) In their Reply, Defendants explain that Plaintiffs' "production" of the websites was simply attaching them to their Motion for Partial Summary Judgment without explanation. (Reply at 6.) Additionally, the depositions Plaintiffs now state instigated their search for the websites were performed prior to the January 13, 2017 discovery cut-off but the images were not 'provided' *via* their dispositive motion until February 6, 2017. (*Id.*)

Presuming without deciding that Plaintiffs acted expeditiously in providing the subject documents, the court will address Defendants' remaining arguments. Defendants urge the court to strike the LinkedIn profiles, as well as the FMNow website, as inadmissible hearsay. When ruling on a motion for summary judgment, a court may consider only admissible evidence. *Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1209–10 (10th Cir. 2010). Hearsay, defined as an out of court statement offered for the truth of the matter asserted, is not admissible. Fed. R. Evid. 801, 802. Notably, "[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." Fed. R. Evid. 801(c) advisory committee note.

Plaintiffs contend they did not offer the LinkedIn profiles for the truth of the matter asserted therein, *i.e.* that the two individuals were indeed FMNow employees, but instead that they held themselves out as such. (Surreply at 2-4.) The court agrees. *See Music Group Macao Commercial Offshore Ltd. v. Foote*, No. 14–cv–03078–JSC, 2015 WL 3882448, at *8 (N.D. Cal. June 23, 2015) (considering, for summary judgment purposes, "the LinkedIn page only insofar as

it is Defendant's description of himself as Chief Technology Officer, but not for the truth that Defendant was, in fact, Chief Technology Officer. *See* Fed. R. Evid. 801(d)(2).").

Similarly, Plaintiffs claim the copy of the FMNow website is not hearsay as it was not offered to prove the truth of the matters asserted therein. (Surreply at 3.) In their Motion for Partial Summary Judgment, Plaintiffs relied on the website to illustrate the business capabilities FMNow represented to the public it possessed. (Doc. No. 89 at 9.) Plaintiffs offered additional evidence that it was Emcon, not FMNow, that possessed those business capabilities. (*Id.*) Thus, Plaintiffs dispute the claims made on the FMNow website and clearly did not offer it to prove the truth of the website's content.

However, the exhibit remains inadmissible due to Plaintiffs' failure to properly authenticate the documents. "As a condition precedent to admissibility, Fed. R. Evid. 901 requires authentication or identification with 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *Strepka v. Jonsgaard,* No. 10–cv–00320–PAB–KMT, 2011 WL 2883375, at *6 (D. Colo. July 18, 2011) (quoting Fed. R. Evid. 902(1)). While Fed. R. Evid. 902(5) provides that "[a] book, pamphlet, or other publication purporting to be issued by a public authority" is self-authenticating, private websites, or websites that do not fall squarely within the language of Rule 902(5), are not considered self-authenticating. *See Hansen v. PT Bank Negara Indonesia (Persero)*, 706 F.3d 1244, 1250 (10th Cir. 2013) (relying on Fed. R. Evid. 902(5) and finding that a foreign bank's website was not self-authenticating because it was not "[a] book, pamphlet, or other publication purporting to be issued by a public authority").

The LinkedIn profiles and FMNow's previous website are not issued and/or maintained by a public agency or entity. Although Plaintiffs state that they obtained the services of a third party to "forensically capture" the subject websites so they "can be easily authenticated in the future", *see* Resp. at 8, Plaintiffs offered no such authentication with their Motion for Partial Summary Judgment. *See Strepka*, 2011 WL 2883375, at *6 (striking from summary judgment consideration three exhibits consisting of printouts from three websites because the offering party failed to offer any evidence of authentication); *see also Regmund v. Talisman Energy USA, Inc.*, No. No. 16-711, 2016 WL 5794227, at *9 (W.D. Penn. Aug. 31, 2016) (noting that otherwise admissible website evidence requires authentication); *Southco, Inc. v. Fivetech Tech. Inc.*, 982 F. Supp. 2d 507, 515 (E.D. Penn. 2013) ("[E]ven website evidence admissible under a hearsay exception requires authentication."); *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, No. 8:06CV223TMSS, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006) ("To authenticate printouts from a website, the party proffering the evidence must produce some statement or affidavit from someone with knowledge [of the website] . . . for example [a] web master or someone else with personal knowledge would be sufficient." (internal quotations omitted)).

Accordingly, it is

**ORDERED** that Defendants Emcon Associates, Inc., Michael Cocuzza, and Michael Michowski's "Motion to Strike" (Doc. No. 96) is **GRANTED in part and DENIED in part**. Paragraph 16 of Plaintiff William Powers' Declaration (Doc. No. 89-7) and Exhibit 18 (Doc. No. 89-14) are stricken and will not be considered in ruling on Plaintiffs' Motion for Partial Summary Judgment.

Dated June 23, 2017.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge