IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03006–KMT

WILLIAM POWERS,
MAP MANAGEMENT LLC, and
BLACK WIDOW LLC,

      Plaintiffs,

v.

EMCON ASSOCIATES, INC.,
MICHAEL COCUZZA, and
MICHAEL MICHOWSKI,

      Defendants.

---

# ORDER

---

This matter is before the court on Defendants Emcon Associates, Inc. ("Emcon"), Michael Cocuzza, and Michael Michowski's "Motion to Strike Exhibits 36-39 to Reply in Support of Motion for Partial Summary Judgment." (Doc. No. 105 ["Mot."]). Plaintiff filed a Response (Doc. No. 108 ["Resp."]), to which Defendants replied. (Doc. No. 109 ["Reply"]).

**1. Request to Strike**

Rule 26 provides that a party must, without awaiting a discovery request, provide to opposing parties a copy of all documents "that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(1)(A)(ii). Defendants request the court strike Exhibits 36-39 Plaintiffs submitted with their Reply in support of their Motion for Partial Summary Judgment

because Plaintiffs were required to disclose Exhibits 36-38 early in the litigation, pursuant to Fed. R. Civ. P. 26, but failed to do so. (Mot. at 2-5.) They also note the documents were responsive to Defendants' discovery requests and Plaintiffs again failed to submit them to Defendants. (Reply at 4.)

A central dispute in this case is whether former Defendant FMNow LLC ("FMNow") was the alter ego of Emcon. Plaintiffs offered the subject exhibits to support their argument Plaintiff Powers performed work for Emcon while employed by FMNow. (Doc. No. 103 at 2, ¶9.) Specifically, Exhibit 36 is an email plus attachments Plaintiff sent to five individuals with an Emcon email address as well as an individual with an FMNow email address. (Doc. No. 102.) Exhibit 37 is a "working draft of a summary memo" Plaintiff Powers prepared in March through July 2013 related to Emcon's request for him to analyze potential areas of improvement in Emcon's operations. (Doc. No. 102-1; Doc. No. 103-4 at 2-3.) Exhibit 38 is a copy of Plaintiff Powers' notes from a July 2, 2013 meeting with a representative from one of Emcon's clients. (Doc. No. 102-2; Doc. No. 103-4 at 3.) Exhibit 39 is a Declaration from Plaintiff Powers in which he identifies Exhibits 36-38 and explains the context in which each was created. (Doc. No. 103-4.)

Plaintiffs argue Rule 26 did not mandate disclosure of the Exhibits because they were offered as rebuttal evidence to Defendants' response brief. (Resp. at 2-3.) While rebuttal evidence and arguments are appropriate in a reply to contradict and/or address arguments first raised in a response, *see In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1119 (10th Cir. 2015), Plaintiffs do not cite to any case law indicating that if such evidence falls under the purview of

Rule 26's initial disclosures, *i.e.* may be used to support Plaintiffs' claims, it does not have to be disclosed simply because it is subsequently used in a reply.

Moreover, the dispute regarding whether Plaintiff Powers worked for Emcon while employed by FMNow was raised in this case well before Defendants filed their Response to Plaintiffs' Motion for Partial Summary Judgment. Establishing FMNow was the alter ego of Emcon is critical to three of Plaintiffs' claims. (*See* Doc. No. 54 at 15, Order granting in part and denying in part Defendants' Motion to Dismiss.) Thus, evidence, such as the subject exhibits, indicating Plaintiff Powers performed work for both FMNow and Emcon during a time period he was supposed to be employed by FMNow would directly support each of those claims. *See, cf., U.S. v. Van Diviner*, 822 F.2d 960, 965 (10th Cir. 1987) (explaining factors to consider in determining whether a subsidiary is an instrumentality or alter ego of the parent company).

The relevance of the exhibits was illustrated as early as Plaintiffs' Amended Complaint. Therein, Plaintiffs state that throughout Plaintiff Powers' Employment Agreement with FMNow, "Mr. Powers performed services for both FMNow and Emcon, and no effort was made to differentiate the work he performed for each company." (Doc. No. 24 at 6, ¶24.) The Amended Complaint also states, "Even before being placed on Emcon's payroll, and while located in Colorado, Mr. Powers communicated regularly with Emcon employees via telephone and email, including Mr. Cocuzza and Mr. Michowski, to discuss various projects being pursued jointly by FMNow and Emcon." (*Id.* at 9.) Indeed, one of Plaintiffs' allegations in their Amended Complaint appears to specifically reference Plaintiff Powers' analysis of Emcon's operations that is summarized in Exhibit 38. (*Id.*) ("Before being placed on Emcon's payroll, in approximately July of 2013, Mr. Powers performed an analysis of Emcon's internal business processes with

recommendations for ways to improve the company's structure and processes."). Finally, Plaintiffs' Amended Complaint provides, "Even before being placed on Emcon's payroll, Mr. Powers travelled to New Jersey to coordinate with Emcon employees on projects being pursued jointly by FMNow and Emcon, and Mr. Michowski paid for at least one of those trips on behalf of Emcon." (*Id.*) Thus, there is no question the exhibits supported Plaintiffs' claims in this matter and were implicated by Plaintiffs' Rule 26 disclosure obligations.

Additionally, Plaintiffs argue they did not know prior to Defendants' Response to their Motion for Partial Summary Judgment that they would need to rely on the subject documents because they were unaware Defendants would dispute Plaintiff Powers performed work for Emcon while employed by FMNow. (Resp. at 2.) However, in Defendants' Answer, they specifically deny paragraph 24 of the Amended Complaint to the extent Plaintiff Powers claimed he performed work for both FMNow and Emcon throughout his employment. (Doc. No. 58 at 4, ¶24.) Thus, Plaintiffs' position in this regard is disingenuous.

Further, several of the undisputed material facts Plaintiffs set forth in support of their Motion for Partial Summary Judgment rely on their contention that prior to being added to Emcon's payroll, Plaintiff performed services for both Emcon and FMNow and regularly communicated with Emcon's officers, including specific references to the meeting encompassed within Exhibit 38 and the summary analysis set forth in Exhibit 39. (Doc. No. 89 at 3-5 at ¶¶9-16.) Further weakening Plaintiffs' position, the factual events illustrated in Exhibits 36-38 were described in Plaintiff Powers' initial Declaration, which Plaintiffs relied upon in their Motion for Partial Summary Judgment. (Doc. No. 89 at 3-5, ¶¶9-15; Doc. No. 89-7.)

Based on the above, the court finds that, pursuant to Rule 26, Plaintiffs should have provided the documents included in Exhibits 36-38 to Defendants as they directly support Plaintiffs' claims in this matter. Pursuant to Rule 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Plaintiffs argue that even if they should have disclosed these documents under Rule 26, the court should not strike them from consideration because their failure to do so was harmless. *See id.*

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citations and quotations omitted). The Tenth Circuit has identified four factors for consideration in determining whether the failure to disclose is harmless: (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness. *Id.*

With regard to the first factor, Plaintiffs argue the information contained in Exhibits 36-38 was previously known to Defendants and could not have been a surprise. In support, they state that Plaintiff Powers sent the email constituting Exhibit 36 to five Emcon employees and therefore, it would have been in Emcon's possession and control. (Resp. at 7.) Theoretically, this may be accurate. Significantly, however, Plaintiffs do not explain, nor can the court determine, how Exhibits 37 or 38 would have been in Defendants' possession as they are,

respectively, Plaintiff Powers' own "working draft of a summary memo" and his notes from a meeting. (Doc. No. 102-1; Doc. No. 102-3; Doc. No. 103-4 at 2-3 ¶¶4-5.)

As to the second factor, Defendants argue they cannot cure the resulting prejudice from Plaintiffs' nondisclosure because discovery closed in January 2017. (Reply at 5.) Notably, during discovery, Defendants requested Plaintiffs produce any documents supporting their contention that Plaintiff Powers performed services for both FMNow and Emcon while employed by FMNow and Plaintiff did not produce the documents contained within Exhibits 36-38. (Reply at 4; Doc. No. 109-1 at 4.) Plaintiffs did not directly address this factor but they did state the third factor weighed against striking the exhibits because no trial date has been set in this case and therefore, "the production of these exhibits does not cause a significant, or even a minor, delay to the expedient resolution of this case." (Resp. at 7.) While Plaintiffs' failure to produce these documents might not have a direct impact on a trial date, it has delayed the resolution of this case as the court has been forced to consider and rule upon the current Motion, thereby delaying the court's consideration of the pending dispositive motions and the possible setting of a trial date.

Finally, while Plaintiffs deny acting in bad faith, *see* Resp. at 8, they do not offer any argument to support this assertion beyond their position that Rule 26 did not require disclosure of the subject exhibits. However, Plaintiffs' good faith alone may not be enough to overcome the other three factors. *See, cf. Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 954 (10th Cir. 2002). Moreover, Plaintiffs should not be permitted to ignore their disclosure obligations throughout the discovery period and then avoid sanctions simply by claiming their deficiencies were not willful. *Poitra v. Sch. Dist. in the Cnty. of Denver*, 311 F.R.D. 659, 670 (D. Colo. 2015).

Plaintiffs do state that they would not have been forced to disclose these documents if Defendants had not insisted on raising 'novel issues' after the close of discovery. (Reply at 8-9.) As established, however, the exhibits clearly support Plaintiffs' claims and their relevance is not limited to 'novel issues' raised by Defendants but instead to a central dispute in this case. Accordingly, pursuant to Fed. R. Civ. P. 37, the court shall strike these documents from consideration in ruling on Plaintiffs' Motion for Partial Summary Judgment and Plaintiffs shall not be permitted to use these documents at trial.

**2. Request for Attorneys' Fees and Costs**

Rule 37(c)(1)(A) provides that a court may "order payment of the reasonable expenses, including attorney's fees, caused by" the erring party's nondisclosure in violation of Rule 26. Defendants seek such an award related to fees and costs incurred with the filing of the current Motion. As established, the court finds Defendants' Motion is meritorious and has previously granted in part another Motion to Strike (Doc. No. 94) filed by Defendants related to Rule 26 disclosure violations on Plaintiffs' part. Thus, this court awards all reasonable costs of Defendants' "Motion to Strike Exhibits 36-39 to Reply in Support of Motion for Partial Summary Judgment," including attorney's fees for preparation of the motion and the reply.

Accordingly, it is

**ORDERED** that Defendants' "Motion to Strike Exhibits 36-39 to Reply in Support of Motion for Partial Summary Judgment" (Doc. No. 105) is **GRANTED.** Plaintiffs' Exhibits 36-39 (Doc. Nos. 102, 102-1, 102-3; Doc. No. 103-4) submitted with their Reply in support of their Motion for Partial Summary Judgment are stricken. It is further

**ORDERED** that Defendants are awarded all reasonable costs of bringing the "Motion to Strike Exhibits 36-39 to Reply in Support of Motion for Partial Summary Judgment" (Doc. No. 105, filed March 22, 2017), including attorney's fees for preparation of the motion and the reply. Defendants shall file their itemization of reasonable costs and fees **on or before July 10, 2017**. Plaintiffs shall have until **July 17, 2017** to file any objection to the calculation of costs and fees.

Dated this 29th day of June, 2017.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge