IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-03006-KMT-NYW

WILLIAM POWERS,
MAP MANAGEMENT LLC, and
BLACK WIDOW LLC,

    Plaintiffs,

v.

EMCON ASSOCIATES, INC.,
MICHAEL COCUZZA, and
MICHAEL MICHOWSKI,

    Defendants.

_____

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
ITEMIZATION OF FEES AND COSTS**
_____

Plaintiffs William "Marty" Powers, MAP Management, LLC, and Black Widow, LLC (hereinafter "Plaintiffs"), through their counsel, Steven M. Hamilton, Esq. and Gillian Dale, Esq. of Hall & Evans LLC, respectfully submit their Objection to Defendants' Itemization of Fees and Costs in accordance with the Court's June 29, 2017 Order:

**INTRODUCTION**

In their Itemization of Fees and Costs, Defendants state that they incurred a total of $11,682 in attorney's fees related to the Motion to Strike Exhibits 36-39 (the "Motion") and their Reply thereto (the "Reply"). The majority of these fees were incurred by attorney Lance Ream, who spent 43.6 hours on the Motion and the Reply. The time Mr. Ream spent on these briefs was unreasonable and, as such, it should be reduced by the Court.

**ARGUMENT**

Trial courts have discretion when calculating a legal fee award. *Casey v. Williams Prod. RMT Co.*, 599 F. Supp. 2d 1253, 1255 (D. Colo. 2009). The court should focus on the reasonableness of the fees to be awarded. *Id.* "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which is commonly referred to as the lodestar. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). The party seeking fees should submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case by Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998).

Once the party seeking fees has submitted its invoices, the court must ensure that the billing attorneys have exercised "billing judgment." *Id.* "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Id.* In *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), the court noted that "[l]awyers charging fees to adversaries rather than clients may be less likely to carefully scrutinize the hours spent to determine if payment for the task performed is justified." The hours that an attorney would not properly bill to a client cannot reasonably be billed to an adverse party, making certain time entries presumptively unreasonable. *Case*, 157 F.3d at 1250.

In addition to considering whether tasks should be charged to an adversary, the court may consider the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side. *Id.* at 1250. The court may also reduce the billing

attorneys' hours if "the number of compensable hours claimed by counsel includes hours that were unnecessary, irrelevant and duplicative." *Id.* citing *Carter v. Sedgwick County, Kan.*, 36 F.3d 952, 956 (10th Cir. 1994).

Defendants' fees should be reduced because the time spent on the Motion and Reply are unreasonable given the nature of issue being argued. Neither the Motion nor the Reply involved complex law or facts. Defendants moved to strike Exhibits 36-39 based on the argument that they should have been submitted earlier in the litigation. This is a straightforward argument based on application of Rule 26. Mr. Ream is a partner of his firm and has been admitted to practice in Colorado for a decade. He spent an extraordinary number of hours on the Motion and the Reply given the complexity of the issues presented and his years of experience.

In addition, striking Exhibits 36-39 has a very minor impact on the case. Exhibits 36-39 simply corroborated Plaintiff Marty Powers' testimony that he did work for Emcon while he was employed by FMNow. Given that there is other admissible evidence on the same issue, spending nearly $12,000 in fees to strike these documents is unreasonable.

Defendants' fees are also excessive based on the length and nature of the written work product submitted to the Court. The Motion consists of an introduction that is approximately one page long, an argument section that is approximately three pages long, and a short conclusion. The first page of the argument section recites legal authority on Rule 26 and Rule 37 including the *Woodworking* Factors. It is unlikely that Mr. Ream reinvented the wheel and drafted this portion of the Motion without reference to other work product by him or by attorneys in his firm. The final two pages of the Motion contain Defendants' application of the facts of the case to the pertinent

law. In short, Mr. Ream spent a total of 19.7 hours on a five-page brief which only contains two pages of legal analysis. His time is itemized as follows:

| Date | Task | Hours Expended |
|---|---|---|
| March 14, 2017 | Begin drafting Motion | 3.7 |
| March 14, 2017 | Review legal authority | 1.9 |
| March 16, 2017 | Complete Motion | 6.8 |
| March 17, 2017 | Revise Motion | 4.10 |
| March 21, 2017 | Revise Motion | 2.6 |
| March 22, 2017 | Finalize Motion | 0.6 |
| | **Total** | **19.7 hours** |

The time Mr. Ream spent on the Reply is also unreasonable. The Reply consists of an introduction that is about one page in length, a legal analysis section that is approximately four pages, and a short conclusion. Mr. Ream spent 14.8 hours drafting four pages of legal analysis. Mr. Ream's time spent researching and drafting the Reply is itemized as follows:

| Date | Task | Hours Expended |
|---|---|---|
| April 17, 2017 | Review legal authority | 1.2 |
| April 20, 2017 | Draft legal argument section of Reply | 7.6 |
| April 24, 2017 | Draft legal argument section of Reply | 7.2 |
| April 25, 2017 | Revise Reply | 1.0 |
| April 25, 2017 | Draft Introduction to Reply | 1.2 |
| April 26, 2017 | Revise Reply | 1.0 |
| | **Total** | **19.2 hours** |

Defendants did not exercise "billing judgment" before submitting their itemization to the Court. Their billing records reflect fees that are unreasonable. The Motion and the Reply were not burdensome in length and were not complex in legal theory. The Court should find that 43.6 hours was too much time for an attorney with ten years of experience to spend on a straightforward motion to strike and reply.

## CONCLUSION

For the foregoing reasons, the Court should reduce the legal fee award associated with Defendants' Motion to Strike Exhibits 36-39 and their Reply thereto. The Court should adjust the hours expended to reflect a reasonable amount of time given the complexity of the issues, the length of the work product submitted to the Court, and Mr. Ream's experience.

Dated this 17th day of July, 2017.

Respectfully submitted,

*s/ Steven M. Hamilton*
Steven M. Hamilton
Gillian Dale
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, CO  80202
T: 303-628-3300
F: 303-628-3368
hamiltons@hallevans.com
daleg@hallevans.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2017, a true and correct copy of the foregoing **OBJECTION TO DEFENDANTS' ITEMIZATION OF FEES AND COSTS** was filed via the CM/ECF system, which will send notification of filing to the following:

*Counsel for Defendants Emcon Associates, Inc.,*
*Michael Cocuzza, and Michael Michowski*
John D. Keen, Esq.
Lance J. Ream, Esq.
Gordon & Rees LLP
555 – 17th Street, Suite 3400
Denver, CO  80202
jkeen@gordonrees.com
lream@gordonrees.com

*s/Julie Eaglesham*
Julie Eaglesham, Legal assistant
