IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03006–KMT

WILLIAM POWERS,
MAP MANAGEMENT LLC, and
BLACK WIDOW LLC,

      Plaintiffs,

v.

EMCON ASSOCIATES, INC.,
MICHAEL COCUZZA, and
MICHAEL MICHOWSKI,

      Defendants.

## ORDER

This matter is before the court on "Plaintiffs' Motion for Partial Summary Judgment." (Doc. No. 89.) Defendants filed a Response (Doc. No. 97), to which Plaintiffs replied. (Doc. No. 103.) Also before the court is "Plaintiffs' Motion for Reconsideration" (Doc. No. 129), to which Defendants filed a Response. (Doc. No. 134).

### Background Information

Plaintiff William Powers entered into an Employment Agreement ("EA") with former Defendant FMNow, LLC ("FMNow") in October 2012. By this action, Plaintiffs assert various causes of action based on their allegation that FMNow failed to pay Plaintiff Powers the compensation he was due under the EA, including but not limited to a monthly stipend in the amount of $8000.00. In August 2013, Plaintiff Powers was placed on the payroll of Defendant

Emcon Associates, Inc. ("Emcon") and Emcon paid Plaintiff Powers his monthly stipend until his termination in February 2014.

Plaintiffs have asserted claims against Emcon only for breach of contract, violation of the Colorado Wage Act ("CWA"), unjust enrichment, retaliation under the CWA and retaliation under the Fair Labor Standards Act ("FLSA").[1]  Additionally, Plaintiffs have asserted a claim against Emcon, Emcon's Chief Administrative Officer, Defendant Michowski, and Emcon's Chief Executive Officer, Defendant Cocuzza, under the FLSA for failure to pay wages. Plaintiffs' claims against Emcon depend on a finding that FMNow is an alter ego of Emcon.

**Analysis**

**1. Motion for Partial Summary Judgment**

Plaintiffs do not seek summary judgment on any one of their six legal claims but instead only on the issue of whether FMNow is the alter ego of Emcon.  However, "'an action to pierce the corporate veil is not a separate and independent cause of action, but rather is merely a procedure to enforce an underlying judgment.'" *ADEMA Techs., Inc. v. Eiffert*, No. 13–cv–01139–CMA–BNB, 2014 WL 1099770, at *2 n.2 (D. Colo. March 19, 2014) (quoting *Swinerton Builders v. Nassi*, 272 P.3d 1174, 1177 (Colo. App. 2012)).  "It is well-settled that Rule 56 permits a party to seek summary judgment only as to an entire claim; a party may not seek summary judgment on a portion of a claim."  *Home Design Servs., Inc. v. Schroeder Const*., No. 09–cv–01437–WJM–GJR, 2012 WL 527202, at *1 (D. Colo. Feb. 16, 2012) (citing *Carbajal v. Lincoln Benefit Life Co.*, No. 06-cv-00884, 2007 WL 2221147, *3 (D. Colo. July 31, 2007); *City

---

[1] Plaintiffs originally also named FMNow, Jon Mattei and Patricia Moscarelli, former President of FMNow, as Defendants in this matter.  However, Plaintiff reached a settlement with those parties and voluntarily dismissed each of them.  (Doc. Nos. 40, 42-44, 86-8 at 9.)

2

*of Wichita, Kan. v. U.S. Gypsum Co.*, 828 F. Supp. 851, 869 (D. Kan. 1993), *aff'd in part, rev'd in part on other grounds*, 72 F.3d 1491 (10th Cir. 1996) ("A party is not entitled to partial summary judgment if the judgment would not be dispositive of the claim."); *Kendall McGaw Labs., Inc. v. Cmty. Mem'l Hosp.*, 125 F.R.D. 420, 421 (D.N.J. 1989) (describing as "well settled" the principles that summary judgment could be had as to one claim among many, but not as to one portion of a claim); *Capitol Records, Inc. v. Progress Record Distrib., Inc.*, 106 F.R.D. 25, 28 (N.D. Ill. 1985) (deeming a motion seeking summary judgment "as to less than a single claim" to be improper)).

The Federal Rules of Civil Procedure clearly contemplate a party moving for summary judgment on less than every claim and/or party. Rule 56(a), provides, "A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." *See also* 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2737 (4th ed. 2017) ("Rule 56(a) . . . includes express authority for judgment on less than the entire case . . . ."). Notably, Rule 56(g) provides, "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case." At first glance, this language may appear to support a request for summary judgment on factual issues, rather than claims. However, the Advisory Committee Notes explicitly state that this subsection only applies "after the court has applied the general summary-judgment standard in subdivision (a) to each claim or defense on which a party moved. If the court determines that summary judgment is not warranted, then [the court has the discretion] to consider establishing undisputed material facts." 10B Charles Alan Wright &

Arthur R. Miller, Federal Practice & Procedure § 2737 (4th ed. 2017) (citing Fed. R. Civ. P. 56(f) advisory committee notes to 2010 amendment). Here, the court is not applying subdivision (a) because Plaintiffs did not proffer a claim in their motion upon which judgment could be granted.

This court, as well as others, have expressly found motions seeking to resolve only one issue relevant to a plaintiff's claims to be entirely inappropriate under any provision of Rule 56. *See Mitchell v. KDJM-FM*, No. 06-cv-1427-EWN-BNB, 2007 WL 2572330, at * (D. Colo. Sept. 6, 2007) (noting that Rule 56(g) "provides for an order specifying the facts that appear without substantial controversy, but . . . does not authorize an independent motion to establish certain facts as true." (internal quotations omitted)); *see also Moses H. Cone Mem'l Hosp. Operating Corp. v. Conifer Physician Servs.*, No. 1:13CV651, 2017 WL 1378144, at *5 (M.D.N.C. April 11, 2017) (denying a motion for summary judgment where the moving party did not request judgment on a particular claim but instead sought "a pruning of factual allegations related to [the] breach of contract claim."); *Cardenas v. Kanco Hay, L.L.C.*, No. 14-1067-SAC, 2016 WL 3881345, at *7 (D. Kan. July 18, 2016) ("While plaintiff's motion states that plaintiff is asking for partial summary judgment, the motion does not describe a claim or part of a claim upon which a "judgment" may be entered. Judgment cannot be entered upon . . . 'elements' of the claims upon which plaintiff moves for partial summary judgment."); *Hawkinson v. Montoya*, No. CIVA04CV01271–EWNBNB, 2007 WL 776674, at *2 (D. Colo. March 12, 2007) ("[A] motion such as Plaintiff's, which seeks to resolve only specified issues relevant to his claims, is entirely inappropriate under any provision of Rule 56."); *U.S. Gypsum Co.*, 828 F. Supp. at 869 (holding that Rule 56(g) "does not authorize an independent motion to establish certain facts as true but

4

merely serves to salvage some constructive result from the judicial effort expended in denying a proper summary judgment motion."). Thus, the court finds Plaintiff's motion inappropriate under Rule 56 and denies the same.

## 2. Motion for Reconsideration

Plaintiffs also request the court reconsider its previous Order striking Exhibit 18 to Plaintiffs' Reply to their Motion for Partial Summary Judgment. (Doc. No. 121.) In light of the ruling herein, the court finds consideration of this request unnecessary.

Therefore, it is

**ORDERED** that "Plaintiffs' Motion for Partial Summary Judgment" (Doc. No. 89) is **DENIED**. It is further

**ORDERED** that "Plaintiffs' Motion for Reconsideration" (Doc. No. 129) is **DENIED as moot**.

Dated this 14th day of September, 2017.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge