IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03006–KMT

WILLIAM POWERS,
MAP MANAGEMENT LLC, and
BLACK WIDOW LLC,

    Plaintiffs,

v.

EMCON ASSOCIATES, INC.,
MICHAEL COCUZZA, and
MICHAEL MICHOWSKI,

    Defendants.

## **ORDER**

    This matter is before the court on Emcon Associates, Inc.'s "Itemization of Fees and Costs" filed July 10, 2017. [Doc. No. 125.] Plaintiffs' Objection to Defendants' Itemization of Fees and Costs" [Doc. No. 131] was filed on July 17, 2017.

    On June 29, 2017, this court granted Defendant's "Motion to Strike Exhibits 36-39 to Reply in Support of Motion for Partial Summary Judgment" [Doc. No. 105]. As part of the ruling, the court granted Defendants' request for reimbursement of reasonable costs associated with bringing the motion and filing the reply. Defendants were directed to file an itemization of their claimed attorney's fees. Plaintiffs' objection to the amount of the fees goes only to the number of hours expended and does not challenge the Defendants' submission with respect to the reasonableness of Defendants counsels' hourly rates.

*LEGAL STANDARD*

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended . . . multiplied by a reasonable hourly rate" which will result in what is commonly called the loadstar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id*. "[A] claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The court's calculation of the lodestar carries with it a strong presumption of reasonableness. *Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 78 F. Supp. 3d 1307, 1315 (D. Colo. 2014), *amended*, No. 12-CV-02308-CMA-CBS, 2014 WL 7187153 (D. Colo. Dec. 17, 2014), *aff'd*, 827 F.3d 1256 (10th Cir. 2016);
*Payan v. Nash Finch Co.,* 310 P.3d 212 (citing *Hensley, supra*). The court may then adjust this amount.

The party seeking an award of fees should submit specific evidence supporting the hours worked and rates claimed. *Hensley*, 461 U.S. at 433. The Tenth Circuit has noted that "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). "A district court is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time." *Id*.; *see also Robinson*, 160 F.3d at 1281.

Once the court has adequate time records, it must then ensure the attorneys requesting fees have exercised reasonable billing judgment under the circumstances of the case. *Id*. "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Id*; *see also Hensley*, 461 U.S. at 434, 437 (counsel are expected to exercise their billing judgment, "mak[ing] a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary").

When a court examines the specific tasks listed by an attorney claiming fee reimbursement, the court must first determine if the fees are properly chargeable under the circumstances of the case and then whether the number of hours expended on each task is reasonable. *Id.* Among the factors to be considered are: (1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers. *Robinson*, 160 F.3d at 1281. "In this analysis, [the court should] ask what hours a reasonable attorney would have incurred and billed in the marketplace under similar circumstances." *Id*.

Ultimately, in all cases where the court considers awarding attorneys' fees to a party, the Court must consider the factors articulated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92 (1989)). Those factors are: (1) time and labor required; (2) novelty and difficulty of question presented by the case; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorneys due to acceptance of the case; (5) customary fee, (6) whether

the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) experience, reputation and ability of the attorneys; (10) "undesirability" of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Gottlieb v. Barry*, 43 F.3d 474, 482 n.4 (10th Cir. 1994) (citing *Johnson*, 488 F.2d at 717-19).

The Tenth Circuit has also opined that "[a] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986) (reduction in fees appropriate due to inexperience of an attorney that led to over-billing).

*ANALYSIS*

*1.     Attorney Billing Rates*

A reasonable hourly billing rate is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). A court may use its own knowledge of the prevailing market rate to determine whether the claimed rate is reasonable. *Id.* at 1079; *see also Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1259 (10th Cir. 2005) (approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates for lawyers with comparable skill and experience practicing" in the relevant market). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Ellis v. Univ. of Kan. Med. Ctr.,* 163 F.3d 1186, 1203 (10th Cir.

1998) (internal citations omitted). In order to satisfy this burden, the party requesting fees must produce "satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

John Keen, one of the partners with Gordon & Rees, submitted an affidavit which stated that partners John Keen and Lance Ream billed their client at the rate of $250.00 per hour and associate Ann Reinert billed the client at $215.00 per hour. Defendants submitted actual redacted invoices to support their claim for both rate and hours. (*See* Itemization, Ex. B, Invoices No. 20433460 and 20438953.) There was no separate resume or resume summary to support the billing rates for the partners or the associate.

Nonetheless, in *Pandeosingh v. Am. Med. Response, Inc.*, No. 14-CV-01792-PAB-KMT, 2015 WL 1476446, at *4 (D. Colo. Mar. 27, 2015), this court laid out a comprehensive survey of billing rates in the Denver, Colorado area. Since that time, the court has repeatedly considered attorney billing rates in connection with sanctions awards for discovery abuse. This court finds the billing rates for all the attorneys involved in the case representing Defendants are reasonable and customary for the Denver metropolitan area.

   *2.    Hours Claimed.*

When more than one attorney works on a case, a court must be mindful of the danger of duplicative over-billing. Often, however, a more experienced billing partner will delegate work to an associate billing at a lower rate for completion of initial drafts and research. The partner,

with a higher billing rate, can then expend far fewer hours on review and correction, thus saving the client money in the long run.

Defendants submitted meticulous, contemporaneous time records which appear to be the actual (redacted) client billing for the work in question. In examining the records, the court found no evidence of excessive double billing in this case, even though three attorneys were associated with the case. In fact, Mr. Ream appears to have shouldered the primary responsibility in drafting the Motion to Strike Exhibits and the Reply. Since Mr. Ream is a partner however, billings for review by Mr. Keen and Ms. Reinert, although very minor, will nonetheless not be allowed. Mr. Ream spent 21 hours creating the Motion, which included one hour spent communicating with opposing counsel and with his clients. The court considers this to be an excessive amount of time spent to draft a motion for a straightforward legal issue. Therefore, the court will allow 12 hours of Mr. Ream's drafting time for the original motion and the one hour of communication time as part of the sanctions attributed to Plaintiffs for bringing and filing the Second Motion to Strike.

Mr. Ream submitted billings to support 22.60 hours of his time reviewing and analyzing the Response and in drafting Defendants' Reply. Only .30 hours of time was spent on communication with clients and opposing counsel. The court again finds that this amount is not reasonable and instead finds that 18 hours of attorney time spent on these two tasks, inclusive of the communications time, is a reasonable number of hours spent under the facts of this case. Additionally, Mr. Keen apparently was communicating with the clients and strategizing about the stance to take in the Reply, while Mr. Ream was drafting the documents, so the court will

find 1.10 hours of Mr. Keen's time spent in those endeavors to also be reasonable and attributable.

Therefore, the court will allow in total 32.10 of partner attorney time at the rate of $250.00 per hour to have been reasonably spent in pursuant of the Second Motion to Strike and bringing the matter to the court for resolution, for a total of $8,025.00 in attorney's fees.

It is **ORDERED**

Defendants Emcon Associates, Inc., Michael Cocuzza and Michael Michowski are awarded the total sum of $8,025.00 as sanctions against Plaintiffs for causing Defendants to incur needless attorney fees to have the offending non-disclosed discoverable documents stricken for use as was more fully explained in this court's Order [Doc. No. 123].

It is further **ORDERED**

The total amount of $8,025.00 is due and payable from Plaintiffs to Defendants on or before thirty days from the date of this Order.

Dated September 27, 2017.

BY THE COURT:

_Kathleen M. Tafoya_
Kathleen M. Tafoya
United States Magistrate Judge